# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**RONNIE R. COLLINS**                                                                       **PETITIONER**
**ADC #168893**

### CASE NO. 2:20-CV-43-KGB-BD

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                                **RESPONDENT**

## ORDER

A Pulaski County jury found petitioner Ronnie R. Collins guilty of both capital murder and using a firearm during the commission of the offense. *Collins v. State*, 2019 Ark. 110 at 1-2. The trial court sentenced Mr. Collins to life in prison. *Id.*

Mr. Collins appealed his conviction and sentence claiming that the trial court erred by denying his request to impeach eyewitness Lakeesha Jackson with extrinsic evidence showing that she had been diagnosed with Schizophrenia. *Id.* at 4-5. The Arkansas Supreme Court affirmed. *Id.* at 8 (Hart, J., dissenting).

Mr. Collins petitioned for post-conviction relief under Arkansas Rule of Criminal Procedure 37 claiming, among other things, ineffective assistance of counsel. (Doc. No. 21-6 at pp. 3-4) See Arkansas Judiciary Website, Docket Search, http://caseinfo.arcourts.gov; *State v. Collins*, 60CR-15-1818 (Petition/Motion Rule 37 filed Jan. 29, 2020). The trial court has not ruled on the petition. See Arkansas Judiciary Website, Docket Search, http://caseinfo.arcourts.gov; *State v. Collins*, 60CR-15-1818 (last visited June 16, 2020).

With his Rule 37 petition still pending, Mr. Collins filed a *pro se* petition for writ of habeas corpus with this Court. (Doc. No. 1) In his original petition labeled "Petition for Writ of Mandamus," Mr. Collins sought discovery materials from several entities. The Court ordered Mr. Collins to file an amended petition stating how his custody violates either the United States Constitution or laws of the United States. (Doc. No. 3)

Mr. Collins filed an amended petition (Doc. No. 8) alleging ineffective assistance of counsel, prosecutorial misconduct, and insufficient evidence to support his conviction. Mr. Collins has also filed two addendums to his amended petition. (Doc. Nos. 11, 16) In the first addendum Mr. Collins attaches exhibits. In his second addendum, he raises several other claims, including a claim that he was denied his "14th Amendment right to confrontation," because his counsel could not fully cross-examine Ms. Jackson. (Doc. No. 16 at p. 2)

In his response to the petition, Director Payne urges the Court to dismiss the petition, arguing that Mr. Collins's claims are either not cognizable, insufficiently pleaded, or procedurally defaulted. (Doc. No. 21) Mr. Collins has replied to the response. (Doc. No. 25)

Rather than dismiss the petition, the Court finds that Mr. Collins's petition should be stayed. The Court can stay "mixed" federal habeas petitions, that is, petitions that include both exhausted and unexhausted claims, to allow the petitioner time to exhaust his state remedies. See *Rhines v. Weber,* 544 U.S. 269, 277–79 (2005) (approving the use of the "stay and abeyance" procedure for "mixed petitions").

In his discussion of procedural default, Director Payne asserts that all of Mr. Collins's claims are unexhausted. But after reviewing the state record, the Court finds at least one exhausted claim.

Mr. Collins raised a confrontation-clause claim in his second addendum. (Doc. No. 21 at pp. 13-14) He raised a similar claim on direct appeal to the Arkansas Supreme Court when he argued that the trial court had erred by not permitting him to fully impeach Ms. Jackson with questions about her mental-health records. (Doc. No. 21-3 at p. 7) Director Payne contends that, on direct appeal, Mr. Collins argued only state-law grounds for relief and, thus, procedurally defaulted his federal confrontation-clause claim. (Doc. No. 21 at pp. 13-14) His position is not supported by the state record.

Mr. Collins cited federal law in his State appellate brief, including *U.S. v. Jimenez*, 256 F.3d 330, 343-44 (5th Cir. 2001)), where the Fifth Circuit discussed whether Mr. Jimenez's Sixth Amendment right to adequately confront a witness was violated when he was prevented from cross-examining him with his mental-health records. (Doc. No. 21-3 at p. 21)

In its brief, the State acknowledged the federal confrontation-clause claim. (Doc. No. 21-4 at p. 15 (citing *Holland v. State*, 2015 Ark. 341 at 17 (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 53 (1987)) And, in her dissenting opinion, Arkansas Supreme Court Justice Josephine Hart discussed the confrontation clause and concluded that Mr. Collins's case should be remanded for a new trial. *Collins*, 2019 Ark. at 11-13 (citing *Winfrey v. State*, 293 Ark. 342 (1987) (citing *Delaware v. Fensterer*, 474 U.S. 15, 18, 106 S. Ct. 292, 294 (1985) ("This Court's Confrontation Clause cases fall into two broad

categories: cases involving the admission of out-of-court statements and cases involving restrictions imposed by law or by the trial court on the scope of cross-examination."))). Mr. Collins exhausted the confrontation-clause claim he raises in his petition.

A stay is also appropriate here because Mr. Collins has good cause for his failure to exhaust. He was confused about state court filings; his unexhausted claims are potentially meritorious; and he is not intentionally attempting to slow down the litigation process. See *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005) (outlining the limited circumstances when a district court may grant a stay of a mixed petition).

Accordingly, Mr. Collins's petition is STAYED. The Clerk of Court is directed to administratively terminate this case.

Should the state trial court dismiss Mr. Collins's pending Rule 37 petition, Mr. Collins will have the opportunity to appeal. See ARK. R. APP. P. –CRIM. 2(a)(4) (notice of appeal must be filed within 30-days of entry of order denying Rule 37 relief). Mr. Collins will have 30 days from the conclusion of his state proceedings to file a motion to reopen this case. After the case is reopened, both parties will have the opportunity to amend their pleadings.

IT IS SO ORDERED, this 17th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE