**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

RONNIE R. COLLINS                                                                PETITIONER
ADC #168893

v.                                            **Case No. 2:20-cv-00043-KGB**

DEXTER PAYNE, Director,
Arkansas Division of Correction                                           RESPONDENT

## ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Edie R. Ervin (Dkt. No. 74). Petitioner Ronnie R. Collins filed a motion for extension to file written objections to the Recommendation eleven days after the entry of the Recommendation (Dkt. No. 77). Collins filed objections to the Recommendation six days later (Dkt. No. 78). For good cause shown, the Court grants the motion for an extension (Dkt. No. 77). Accordingly, the Court considers the objections as timely filed and has considered the objections when making its rulings in this case (Dkt. No. 78). After careful consideration of the Recommendation and the objections, and after a *de novo* review of the record and law, the Court adopts the Recommendation as this Court's findings of fact and conclusions of law in all respects (Dkt. No. 74).

Also before the Court are the following motions filed by Collins, which the Court addresses in this Order:

(1)     Motion for order (Dkt. No. 75);
(2)     Motion to compel (Dkt. No. 76);
(3)     Motion for discovery and evidentiary hearing (Dkt. No. 79);
(4)     Motion for copies (Dkt. No. 82);
(5)     Motion for order (Dkt. No. 83);
(6)     Motion to compel (Dkt. No. 87);
(7)     Motion to produce (Dkt. No. 90);
(8)     Motion for evidentiary hearing (Dkt. No. 94);

(9)    Motion for order (Dkt. No. 98);
(10)   Motion to compel (Dkt. No. 100);
(11)   Motion for order (Dkt. No. 104);
(12)   Motion for order (Dkt. No. 105);
(13)   Motion to amend or correct (Dkt. No. 106);
(14)   Motion for discovery (Dkt. No. 108);
(15)   Motion to compel (Dkt. No. 109);
(16)   Motion to appoint counsel and for hearing (Dkt. No. 113);
(17)   Motion for order (Dkt. No. 115);
(18)   Motion for order (Dkt. No. 116);
(19)   Motion for order (Dkt. No. 117);
(20)   Motion for order (Dkt. No. 118);
(21)   Motion for order (Dkt. No. 119);
(22)   Motion to compel (Dkt. No. 120);
(23)   Motion to appoint counsel and for reconsideration (Dkt. No. 121);
(24)   Motion for order (Dkt. No. 123);
(25)   Motion for reconsideration the Court's February 24, 2021, Order (Dkt. No. 125);
(26)   Motion for status (Dkt. No. 127);
(27)   Motion to compel (Dkt. No. 129); and
(28)   Motion to appoint counsel (Dkt. No. 133).

## I.    Recommended Disposition

Collins's petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 asserts several claims, including the following:  (1) a claim for mandamus relief requiring various state agencies to turn over discovery material; (2) several claims for alleged errors at trial; and (3) ineffective assistance of counsel claims based on several asserted grounds (Dkt. No. 74, at 4–5) (footnotes omitted).  The Recommendation addresses each of these claims, and this Court agrees with the analysis set forth in the Recommendation.

The Court write separately to address Collins's objections (Dkt. No. 78).  Collins contends in his objections that procedural default for his ineffective assistance of counsel claims should be excused (*Id.*, at 2).  Collins makes the bare assertion that he sets forth numerous allegations of his rights to give the Court power and jurisdiction to act (*Id.*, at 2).  However, Collins does not dispute that his claims for ineffective assistance of counsel are procedurally defaulted – he does not argue against that conclusion.  Thus, Collins must meet a high bar to overcome procedural default, yet

Collins provides no argument suggesting that he meets the "cause and prejudice" or "actual innocence" exceptions as to his procedurally defaulted claims. The objections plow no new ground. The objections are based on the same assertions that the Recommendation determined are defaulted and insufficient to meet the required exception. Because Collins cannot show either "cause and prejudice" nor make a gateway "actual innocence" showing, the Court is barred from addressing his claims under procedural default.

As Collins's claims are procedurally defaulted, the Court adopts the Recommendation and denies Collins's petition for writ of *habeas corpus*, amended petitions for *habeas corpus*, and addendums (Dkt. Nos. 1; 8; 11; 16; 55). His request for relief is denied.

## II.      Other Pending Matters

The Court writes first to address Collins's inquiry regarding the status of legal paperwork and documents that he has sent to the Court (Dkt. No. 127). The Court has received Collins's inquiry and other legal paperwork and documents. Accordingly, the Court directs the Clerk to send to Collins a copy of the docket sheet in this case that reflects the Court's receipt of his filings. The Court determines that this Order, along with the docket sheet, provide an adequate status update to Collins and confirmation of receipt of documents and filings (*Id.*).

Second, the Court understands that this status update generally is what Collins through his motions for copies seeks. To the extent Collins seeks a copy of a specific document filed with the Court, he may file a written request for a copy referencing the date filed and docket number of the document from the docket sheet. The Court acknowledges that Collins seeks copies of docket entries 68 through 78, and the Court grants his motion (Dkt. No. 82). The Court directs the Clerk of Court to send copies of these documents to Collins.

3

Third, the Court denies as moot Collins's other pending motions (Dkt. Nos. 75; 76; 79; 83; 87; 90; 94; 98; 100; 104; 105; 106; 108; 109; 113; 115; 116; 117; 118; 119; 120; 121; 123; 125; 129; 133). The Court's ruling adopting the Recommendation and dismissing Collins's *habeas corpus* petition renders Collins's other pending motions moot. The Court has reviewed those other pending motions, and they do not change the outcome of this matter.

### III.    Conclusion

For the foregoing reasons, the Court grants Collins's motion for an extension to file objections (Dkt. No. 77). The Court considers timely filed Collins's objections and has considered his objections when issuing this ruling (Dkt. No. 78). The Court adopts the Recommendation (Dkt. No. 74), and the Court denies Collins's petition for writ of *habeas corpus*, amended petitions for *habeas corpus*, and addendums (Dkt. Nos. 1; 8; 11; 16; 55). The Court dismisses with prejudice Collins's claims; his request for relief is denied. The Court acknowledges Collins's motion for status update regarding the receipt of documents and filings and considers this Order responsive (Dkt. No. 127). The Court grants Collins's motion for copies (Dkt. No. 82). The Court denies, as moot, Collins's other pending motions (Dkt. Nos. 75; 76; 79; 83; 87; 90; 94; 98; 100; 104; 105; 106; 108; 109; 113; 115; 116; 117; 118; 119; 120; 121; 123; 125; 129; 133). The Court determines that a Certificate of Appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases should not issue.

So ordered this 5th day of June, 2026.

_____
Kristine G. Baker
Chief United States District Judge